# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1307 | **DATE** | 9/13/2012 |
| **CASE TITLE** |  | PNC Bank, N.A. vs. North Star Trust Co., et al. | |

**DOCKET ENTRY TEXT**

Defendants Victor and Matilde Colindres's motion to strike or dismiss plaintiff PNC Bank, N.A.'s complaint [16] is denied. Status hearing set for 9/14/2012 is stricken and reset to 9/24/2012 at 9:30 a.m.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Defendants Victor and Matilde Colindres ("defendants") move to strike or dismiss the complaint for foreclosure of mortgage filed by plaintiff PNC Bank, National Association ("PNC"). For the reasons given below, that motion is denied.

Defendants argue that plaintiff has failed to allege facts to support diversity jurisdiction under 28 U.S.C. § 1332(a). Specifically, defendants contend that plaintiff has not alleged diversity of citizenship with facts based on personal knowledge and has incorrectly pleaded the amount in controversy. These arguments are without merit.

Under 28 U.S.C. § 1332, a federal district court has diversity jurisdiction over civil actions where there is "complete diversity between all plaintiffs and all defendants" and where the amount in controversy is more than $75,000. *See also Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005). Defendants first argue that plaintiff has failed to sufficiently allege diversity of citizenship among the parties. Without citing to any case law, defendants assert that because PNC conducts business in Illinois, plaintiff cannot establish complete diversity. Defendants also argue that plaintiff has not alleged "factual detail to support [the] conclusion" that defendants are Illinois citizens. Neither argument is persuasive. Plaintiff alleges that its main office is in Pennsylvania, and "a national bank, for [28 U.S.C.] § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). For purposes of determining diversity jurisdiction, then, plaintiff is a citizen of Pennsylvania, as alleged in the complaint. Defendants fare no better in arguing that plaintiff has insufficiently pleaded defendants' Illinois citizenship.[1] Defendants do not challenge the underlying factual basis for plaintiff's allegation that defendants are citizens of Illinois. Instead, they state in conclusory fashion that plaintiff failed to allege sufficient factual detail. But defendants do not cite any support for the argument that plaintiff should be held to a higher pleading standard in this case.

Defendants' final argument is easily dismissed. In arguing that plaintiff has not alleged the necessary amount in controversy, defendants' motion focuses on the amount of past-due real estate taxes. However,

| STATEMENT |
|---|
| they fail to account for the fact that plaintiff alleges that defendants stopped making monthly principal and interest payments in addition to not paying the real estate taxes.  According to the complaint, as a result of defendants' default, plaintiff accelerated the indebtedness and as of February 23, 2012, defendants owed a total amount of $229,656.52.  In support of their claim, plaintiff attached to their complaint a copy of the Notice of Default and Acceleration sent to defendants.  Defendants do not deny that the plaintiff accelerated all amounts due nor do they raise a colorable challenge to the factual allegations in the complaint.<br>     For the foregoing reasons, defendants' motion is denied. |

1. Defendants do not argue that defendant North Start Trust Company is not a citizen of Illinois.